## CAGGIANO v. SOCONY VACUUM OIL CO., Inc.

### No. 126.

District Court, D. Massachusetts.
April 10, 1939.

Felix A. Marcella, of Boston, Mass., for plaintiff.

Harry G. Gilbert, of Boston, Mass., and Stobbs & Stockwell and George R. Stobbs, all of Worcester, Mass., for defendant.

McLELLAN, District Judge.

This action of contract for the alleged breach of the terms of a lease of an oil station was brought in the state court and removed here. Thereupon the plaintiff filed a set of forty-one interrogatories to the defendant. The defendant objects to four of them, reading:

"16. Please state whether the defendant contends that the plaintiff was in default at any time during the time that the plaintiff was a tenant at 588 Commercial St., Boston."

"25. Please state whether the defendant considered the plaintiff an 'Independent Dealer' at any time during the plaintiff's tenancy."

"40. Did the defendant charge the standard market price to the plaintiff for gasoline and oil at all times?

"41. Did the defendant charge the plaintiff the list market price for gasoline and oil applying to all dealers, at all times?"

The plaintiff moves that the objections be overruled.

Assuming that under the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as under the state practice, interrogatories may cover as broad a field of inquiry as when the interrogated party is called as a witness to testify orally at the trial, I think the defendant need not give contentions or legal conclusions. For this reason, the objection to the 16th interrogatory is sustained.

Nor do I think the defendant is called upon to state whether it considered the plaintiff an independent dealer. Therefore, the objection to the 25th interrogatory is sustained.

When it is considered that the three counts of the plaintiff's declaration seek damages only for an alleged wrongful termination of a lease, the materiality of the questions whether the defendant at all times charged the plaintiff for gasoline and oil at the standard market price or the list price applying to all dealers is not apparent. The objections to Interrogatories 40 and 41 are sustained.

The plaintiff's motion that the objections be overruled is denied.