978

Thornton & Markwell, of Galveston, Tex., for plaintiff.

Brantly Harris and George W. Coltzer, both of Galveston, Tex., for defendant.

**RANDOLPH v. McCOY.**

No. 28.

District Court, S. D. Texas, Galveston Division.

Oct. 31, 1939.

ALLRED, District Judge.

This is a suit for damages for personal injuries to plaintiff W. H. Randolph and his wife and his son, W. H. Randolph, Jr., due to alleged negligence of defendant in the operation of his automobile in Galveston County, Texas.

Defendant has filed a motion for a bill of particulars and more definite statement in numerous particulars as to the alleged

negligence of defendant, the extent of the injuries plaintiffs claim to have suffered; and that plaintiffs be required to submit to a physical and mental examination under Rule 35, Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

 Plaintiffs' allegations as to negligence are general but sufficient to meet the requirements of Rule 8, requiring a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief; however, in my opinion, the trial of the case can be expedited, and the Court can more intelligently understand the issues by requiring plaintiff to file a bill of particulars setting out the particular acts of negligence upon which plaintiffs will rely. This is particularly true since plaintiffs charge that defendant violated various sections of the Penal Code of Texas, without specifying the sections.

As to that part of the motion asking for a more particular statement of the injuries allegedly suffered by plaintiffs: in my opinion, the nature and extent of the injuries are sufficiently set out; and, in any event, in view of the provisions for discovery under the new rules (Rule 35 in particular, authorizing an order for examination as to the mental or physical condition of parties) the allegations are sufficient to enable defendant to prepare his case for trial on this issue.

Plaintiff does not contest defendant's request for a physical and mental examination, but asks that it be set for some Saturday in view of the fact that he is employed as a superintendent of schools at a place approximately eighty miles from Galveston, where the examination is to be held. In my judgment, the ends of justice will be served by granting the motion requiring plaintiffs to present themselves for a physical examination.

The motion for a bill of particulars will, therefore, be granted to the extent of requiring plaintiffs to definitely allege the particular acts of negligence and the particular provisions of the Penal Code of Texas which they claim the defendant violated. The motion will be denied in so far as it asks for a more particular statement of the injuries allegedly suffered by plaintiffs.

Defendant's motion for a physical and mental examination of plaintiffs will be granted provided that the examination shall take place at Galveston, Texas, on some Saturday during the month of November, 1939, at approximately 10:30 a. m., the exact time to be fixed by agreement of counsel; (if they are unable to do so, the Court will set a definite date); such examination to be at defendant's cost.

Let an order be drawn in compliance with this memorandum, plaintiff to have twenty days after the order is filed in which to file the bill of particulars.