## J. SCHOENEMAN, Inc., v. BRAUER et al.
### No. 401.

District Court, W. D. Missouri, W. D.
May 21, 1940.

Samuels & Clark (formerly Stewart & Stewart), of Baltimore, Md., and Arthur C. Brown, of Kansas City, Mo., for plaintiff.

Myer M. Rich, of Kansas City, Mo., for defendants.

REEVES, District Judge.

The question in this case arises on the motion of the defendant to strike interrogatories propounded by plaintiff. The main complaint is that the interrogatories are numerically excessive and that, moreover, irrelevant and immaterial matter is called for, as well as mere opinion.

■ Each of the interrogatories has been examined. With two exceptions they seek to elicit facts which appear to be material in the trial of the case. The exceptions are those numbered 49 and 50 as they call for mere opinions as to the validity of the registered trade-mark and also seek an opinion on the right of registration of plaintiff's alleged trade-mark. Answer to these therefore will not be required.

■ Rule No. 33 of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c, has been interpreted by the courts as being just as broad in its implications as in the case of depositions. This means that the distinction between a search for evidentiary facts and an inquiry into ultimate facts has been abolished.

■ It makes no difference, therefore, how many interrogatories are propounded.

If the inquiries are pertinent the opposing party cannot complain.

■ Typical of the interrogatories propounded is the first one, which is as follows:

"With which, if any, of the following named companies or concerns were the defendants, or either of them, formerly associated:

"(a) Brauer & Gressman Cap Manufacturing Company,

"(b) Knickerbocker Spat Manufacturing Co.

"(c) Brauer-Gressman-Cohn, Inc.

"(d) Brauer-Gressman-Cohn, a partnership."

This would be competent evidence if depositions were taken upon the pleadings as now made up. Since the rule with respect to interrogatories is just as wide in its scope as in the matter of depositions, then the inquiries would be competent here.

Mr. Alexander Holtzoff, Assistant to the Attorney General of the United States, has made a very splendid collation and compilation of the authorities on the construction of the Rules of Federal Procedure. His discussion of this particular subject is very illuminating and may be found under Section 2, page 87 of his publication, which, incidentally, was made under the authority of the American Bar Association.

See, also, Judge Duffy's opinion in Chandler et al. v. Cutler-Hammer, Inc., D.C., 31 F.Supp. 453.

As indicated above, the motion to strike will be sustained only as to interrogatories numbered 49 and 50. It will be overruled as to all others.