### AMERICAN & FOREIGN INS. CO. et al. v. RICHARD GIBSON & SONS, Inc., et al.

### No. 813 Civ. A.

District Court, D. Massachusetts.

Nov. 4, 1940.

Herbert C. Splane and Kneeland & Splane, all of Boston, Mass., for plaintiff.

R. J. Dunn and T. F. Riley, both of Boston, Mass., for defendant Richard Gibson & Son, Inc.

Thompson & Twomey and Hubert C. Thompson, both of Boston, Mass., for defendant Richard Gibson & Son, Inc.

John W. Blakeney, Jr., of Boston, Mass., for defendant A. B. Maddison Co., Inc.

McLELLAN, District Judge.

The following statement may be taken, transcribed, and filed with the papers in the case.

This is an action by various insurance companies, who, having insured certain property and paid the fire loss thereon, seek by way of subrogation to recover damages from the defendants, who are charged with having negligently caused the fire. The first interrogatory to which the plaintiffs object is numbered 3, and reads: "3. Please state the dates of all policies issued by the plaintiffs to the Allied Stores Corporation, the total amount of insurance covering the premises involved in this case and annex to your answers a specimen copy of the type of policy issued or advise the defendant where and when its attorney may inspect the original policies."

The objection to this interrogatory is overruled.

The plaintiffs' next objection is to Interrogatory No. 12 (c), reading: "12 (c). In what respect, with full details, the defendant Richard Gibson & Son, Inc. 'failed and neglected to see that proper precautions and safeguards were used by the defendant, A. B. Maddison Company, Inc. in said repair work' as alleged in paragraph two of the Complaint."

For reasons which it is unnecessary here to discuss, the plaintiffs' objection to Interrogatory 13(c) is sustained.

The next interrogatories to which the plaintiffs object are numbered 13(b) and 14, and read:

"13(b). Who started or caused said fire, giving the names and addresses of the persons involved."

"14. By whom was the fire discovered? Please set forth the name, address and position of the person who discovered it."

Counsel for the defendant, who, I am informed, was duly notified of this hearing, did not appear, and so I have been favored

with no suggestions from him as to why the objections to Interrogatories 13(b) and 14, in view of the issues, in the light of other interrogatories to which no objections have been interposed, and in the exercise of the court's discretion, should not be sustained. The conclusion is that the objection to Interrogatory 3 is overruled, the objection to Interrogatory 12(c) is sustained, and the objections to Interrogatories 13(b) and 14 are sustained.