## CHEMICAL FOUNDATION, Inc., v. UNIVERSAL-CYCLOPS STEEL CORPORATION.

### No. 125 Civil.

District Court, W. D. Pennsylvania.

Jan. 7, 1941.

Kunkle, Walthour & Trescher, of Greensburg, Pa. (Seward Davis and Bernard Hershkopf, both of New York City, and Fred B. Trescher, of Greensburg, Pa., of counsel), for plaintiff.

Stebbins & Blenko, of Pittsburgh, Pa., (George E. Stebbins and William H. Webb, both of Pittsburgh, Pa., of counsel), for defendant.

McVICAR, District Judge.

Plaintiff during the time of the controversy in this action, was the owner of patent No. 1,316,817, which relates to articles which possess a high resistance against corrosion and which are made from a steel al-

loy, and also patent No. 1,339,378, which relates to articles having great strength and resistance against the action of acids and which are made of a steel alloy. On February 15, 1927, plaintiff entered into a license agreement for use of said patents, which provides for the payment of certain royalties. Plaintiff brought this action to recover royalties which it alleges are unpaid by the defendant in the sum of $46,787.60, with interest. Defendant filed an answer to plaintiff's complaint, wherein it admitted some of the unpaid royalty claimed by the plaintiff and denied liability as to the balance, on the ground that the royalty claimed was not within the royalty agreement aforesaid.

Under Rule 33 of Rules of Civil Procedure, 28 U.S.C.A. following section 723c, plaintiff filed 140 numbered interrogatories to be answered by officers and employees of the defendant best qualified to answer. The 140 interrogatories contained between 650 and 700 separate and distinct questions. Defendant fully answered 58, and partially answered 8 of the numbered interrogatories, and filed objections to the interrogatories not answered, or which were only answered in part. This action is now before us on defendant's objections to said interrogatories and also on the motion of plaintiff to require defendant to answer the interrogatories objected to by defendant, and to hold insufficient, improper and defective defendant's answers to certain interrogatories and to require the defendant to make further answers to each and all thereof.

Interrogatories numbered 1 to 10, inclusive, 14 to 17, inclusive, 31, 32, 37, 56 and 58 make inquiry as to defendant's membership in the National Association of Flat Rolled Steel Manufacturers, the nature and object of said association, defendant's participation in committees of said association, the authority of the association to act for defendant, the action of the association on behalf of defendant in the fixing of prices on chromium-nickel stainless steels of the types involved in this action, the meetings of the association, the persons present thereat, the discussions and agreements arrived at in said meetings, and the part that defendant took in the discussions, etc. Interrogatories numbered 22, 23, 24, 33, 38, 39, 40, 47, 57, 76, 112, 134 and 136 relate to an alleged regulation and fixing of the base prices of chrome-nickel stainless steel and articles made therefrom. Interrogatories numbered 48 to 53, inclusive, 81, 86, 100, 124 and 140 relate to sales by defendant of chrome-nickel stainless steel. Interrogatories numbered 25 to 28, inclusive, and 41 to 44, inclusive, relate to "Advance Informations" or "A. I.'s" alleged to have been sent by plaintiff to the defendant in regard to bids and sales of articles under the patents named in the license agreement. Interrogatories numbered 64 to 70, inclusive, 74 and 75 relate to pickling, passivating and annealing chrome-nickel stainless steels. Interrogatories numbered 30 and 46 relate to sales between certain dates of chrome-nickel stainless steel ingots to persons not licensees of the plaintiff. Interrogatories numbered 59 and 60 relate to the knowledge of defendant in regard to research regarding stainless steels and the progress made therein. Interrogatories numbered 109 and 110 relate to Evans patent No. 1,639,989. Interrogatories numbered 119, 120 and 123 relate to contracts which defendant had on hand June 30, 1934, and July 10, 1934, relating to the sale of chrome-nickel stainless steel. Interrogatories numbered 55, 72, 121, 129 and 137 are of a miscellaneous character and interrogatories numbered 62, 71, 73, 77, 80, 89, 96 and 125 are interrogatories which are only answered in part by defendant.

Defendant has filed objections to making any further answers to the interrogatories for the reasons, namely: That the evidence and admissions desired could be more conveniently and efficiently procured under Rules 26 and 34; that the number of interrogatories are too numerous and should have been limited to a few; that to answer a number of these interrogatories would be expensive and burdensome; that the answers to some of the interrogatories would require the statement of confidential information of its customers; that as to some of these interrogatories, the evidence is privileged by reason of secret processes; that the answers to a number of the interrogatories would require opinions and that in a large number of instances, the interrogatories are irrelevant and immaterial.

Rule 1 of the Rules of Civil Procedure states that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

Rule 26 (a) states that: "the testimony of any person, whether a party or not, may be taken at the instance of any party by deposition upon oral examination or written

interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes."

Rule 26 (b) states: "Unless otherwise ordered by the court as provided by Rule 30 (b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

Rule 26 (d), (2), states: "The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association which is a party may be used by an adverse party for any purpose."

Rule 33 states: "Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer thereof competent to testify in its behalf."

Rule 34 states: "Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control."

In Graver Tank & Mfg. Corporation v. James B. Berry Sons Co., Inc., D.C., 1 F.R. D. 163, 165, Judge Schoonmaker of this court, in passing upon certain interrogatories, stated in his opinion: "In relation to the interrogatories filed by the defendant in this case, we desire to note our view that they go somewhat beyond the scope intended by Rule 33. In this respect we find ourselves in accord with the views expressed by Chesnut, D. J., in Coca Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F. Supp. 275, 279, to the effect that the number of interrogatories should be relatively few and related to the important facts of the case rather than very numerous and concerned with relatively minor evidentiary details; and that, where a more comprehensive examination of the adverse party is desired, it should be ordinarily done by taking his deposition."

In Coca Cola Co. v. Dixi-Cola Laboratories, Inc., D.C.Md. 30 F.Supp. 275, 278, Judge Chesnut in that case, in which 112 interrogatories were filed and the total number of questions asked was 255, stated:

"Despite the wide latitude of subject matter now permissibly embraced within the scope of interrogatories under rule 33, there are necessarily some implied and inherent limitations affecting proper practice regarding them. * * * As the answer must be in writing under oath, and made within fifteen days, unless the time is expressly extended by court order, the necessary inference would seem to be that the party interrogated need only answer matters of fact within his knowledge, and this would seem to exclude the propriety of interrogatories which merely seek to elicit opinions, or which require research and compilation of data and information not readily known to the party interrogated; and of course only matters that are relevant to the particular case can properly be the subject of interrogatories.

"It should also importantly be borne in mind that extensive examination of the adverse party by interrogatories is cumbersome and likely to prove inefficient, as compared with the now available method of taking his deposition. There is, therefore, now no further necessity under the F.R.C. P. to resort to interrogatories where an extended examination is desired. Cf. Pressed Steel Car Co. v. Union Pac. R. Co., D.C.N. Y., 241 F. 964, 967; Zolla v. Grand Rapids, etc., Corp., D.C.N.Y., 46 F.2d 319, 320.

*    *    *    *    *    *    *

"Where the facts to be elicited are relatively few and important, whether ultimate facts or evidentiary facts, the legal machinery of interrogatories is a very useful, expeditious and inexpensive method; but where they are very numerous, as in this case, they tend to become unduly burdensome, oppressive and vexatious to the adverse party and difficult for the court to administer. So long as the interrogatories to be passed on by the court are comparatively few in number and relate to important or dominant facts or aspects of the

case, it is not difficult for the trial judge to rule upon them intelligently; but when, as in this case, the number of questions is 255, and some 40 are objected to, the situation is quite different. At this preliminary stage of the case it is difficult for the trial judge to determine the relevancy of comparatively minor and subordinate evidentiary facts. Furthermore the procedure tends to be unnecessarily wasteful of judicial time. The judicial ruling upon the interrogatories themselves is not necessarily conclusive or even important in most cases as determinative of the issues in the case. The purpose of the interrogating party is to develop information or force admissions; but if the answers are not satisfactory or useful, the time spent in considering them and the objections thereto is generally wasted, because the answers do not become evidence in the case unless voluntarily introduced by the interrogator as admissions against interest on the part of the party interrogated.

"These considerations tend to the view that the number of interrogatories should be relatively few and related to the important facts of the case, rather than very numerous and concerned with relatively minor evidentiary details. It is not proposed to lay down any general rigid or inflexible rule with regard to what number of interrogatories is proper because cases must necessarily vary in their range of relevant facts. But in general it may be observed that it will be only the exceptional case where more than fifteen or twenty interrogatories can conveniently and efficiently be submitted. Where a more comprehensive examination of the adverse party is desired it should ordinarily be done by taking his deposition. If insistence is made upon answers to such a large number of interrogatories that they become unreasonably oppressive or vexatious, it would seem appropriate to impose costs in accordance with rule 37."

In New England Terminal Co. v. Graver Tank & Mfg. Corporation, D.C.R.I., 1 F.R. D. 411, 413, the Court stated the question involved to be "whether upon objection to the interrogatories the court should find that they are being utilized to discover matters which can be better or more conveniently discovered by oral examination, it may order that the discovery be had only by taking the objecting party's depositions upon oral examination." Judge Hartigan held, in conclusion: "It is our opinion that the interrogatories are being utilized to discover matters which can be better and more conveniently discovered by oral examination and an order may be entered that the discovery be had only by taking the plaintiff's deposition upon oral examination."

I conclude:

1. That the number of interrogatories under Rule 33 should be relatively few and related to the important facts of the case; and that where a more comprehensive examination of the adverse party is desired, it should be ordinarily done by the taking of his deposition.

2. That the party interrogated need only answer matters of fact within his knowledge and that he is not required to express opinions; also, that he is not required to make research and compilation of data and information not readily known to him.

3. That in an action such as this, the passing upon the number of interrogatories and separate questions involved is burdensome upon the Court. It is difficult in many instances to determine the relevancy of the interrogatories.

4. The method of taking depositions of the adverse party, provided for by Rule 26, and for the discovery of designated documents and things for inspection, including copying or photographing provided by Rule 34, is the most convenient and efficient method for securing the evidence and admissions desired by plaintiff.

5. That the use of Rules numbered 26 and 34 would secure for plaintiff the most just, speedy and inexpensive determination of this action.

I am, therefore, of the opinion that the objections filed by defendant to plaintiff's interrogatories should be sustained, and that the motion to answer of the plaintiff should be refused.