## BLUMENTHAL v. LUKACS.

District Court, S. D. N. Y.
Feb. 5, 1942.

Saul E. Rogers, of New York City, for plaintiff.

McCauley, Spiegelberg, Davis & Gallagher, of New York City, for defendant.

MANDELBAUM, District Judge.

Defendant moves (1) for an order directing plaintiff to answer questions numbered 38, 47 to 50, inclusive, and 117 propounded to the plaintiff during the course of an examination before trial; (2) to produce certain books and records; (3) to produce an original lease.

Plaintiff is suing as assignee to recover moneys allegedly advanced by the plaintiff's assignor, a Hungarian Company, to the defendant during the years 1924–1925.

In effect, the defendant's answer pleads payment and a cancellation of whatever indebtedness there may have been due from the defendant to the plaintiff's assignor.

The questions propounded to which objections were made deal with transactions between plaintiff, his assignor and one Roboz. It is asserted that these questions are relevant to the issues between plaintiff and the defendant.

After examining the affidavits submitted, I am of the opinion that no connection has been shown between the matters sought to be elicited from the plaintiff and the issue in the case. At best, it is highly conjectural and it seems that the defendant hopes that answers to these questions *may* reveal information beneficial to the defendant. The new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, have liberalized the scope of examination before trial. Nevertheless, relevancy to the issue is still the test, and in my opinion, the defendant has failed to meet it. Objections to questions 36, 47 to 50, inclusive, are sustained. Question 117 makes inquiry from the plaintiff as to the reason for not prosecuting a suit in California. This too, I believe, is improper and the objection is sustained.

The second division of the motion deals with the demand for the production of certain books and records of the Hungarian Company. Plaintiff's counsel states in his affidavit that the plaintiff is not in possession of such books and records, and if they do exist, they are presently in Hungary. In view of this, the plaintiff's statement to this effect, under oath, in lieu of their production ought to suffice.

The third division of the motion contains a request for an original lease. The plaintiff's counsel states that the executed copies of this lease are in Hungary, but offers to produce a conformed copy instead. Plaintiff may do so upon his statement, under oath, that he is not in possession of the original lease, and that the copy that he is submitting is a conformed copy of the original.

Settle order on notice.