**WALLING v. PARRY.**

Civ. A. No. 5543.

District Court, W. D. Pennsylvania.

March 20, 1947.

Morris Hoffman, of Philadelphia, Pa., for plaintiff.

John G. Wayman, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The Administrator of the Wage and Hour Division filed a complaint in this action for an injunction restraining alleged

violations of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The answer denied the allegations of the complaint. The plaintiff filed interrogatories to defendant under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The defendant filed objections to the interrogatories. Validity of the objections is now before the Court.

The complaint alleges that defendant's employees at her photograph finishing plant are engaged in the production of photographs for interstate commerce. That defendant violated Sections 7 and 15(a) (2) of the Act in failing to pay her employees time and one-half for hours over 40, and Sections 11(c) and 15(a) (5) in failing to keep the records required by Regulation 516. That defendant violated Section 15(a) (1) in shipping in interstate commerce the photographs which were produced in violation of the overtime provisions.

Defendant, in her answer, denies the allegations of the complaint as to coverage under the Act, violations thereof, and pleads exemption under Section 13(a) (2).

The pleadings raise three issues of fact, namely: (1) Were defendant's employees engaged in the production of goods for interstate commerce? (2) Did defendant fail to pay overtime compensation? (3) Did defendant keep the records required? The interrogatories were designed to elicit the facts on these issues.

The objections of the defendant to the interrogatories raise many questions, but the principle objections are: (1) that answers to the interrogatories would require defendant to make considerable search, and compilation of data and information not readily known to her which would involve a considerable expense and be burdensome; (2) that Federal Rule of Procedure No. 33 does not require defendant to attach copies of papers, documents and records; (3) that she is not required to express opinions; (4) that the facts plaintiff desires to elicit by the interrogatories are known by the plaintiff who has already made an examination of the papers, documents and records of the defendant (defendant offered at the hearing to permit plaintiff to make further examination of defendant's papers, documents and records, and also to make copies thereof, if he so desires).

Rule 1 of the Federal Rules of Civil Procedure provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action". Rule 26(a) provides for the taking of the testimony of any person whether a party or not, by oral examination or written interrogatories for the purpose of discovery or for use as evidence at trial. Rule 26(b) provides that unless otherwise ordered, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, including the existence, etc., of any books or documents or other tangible things and the names of witnesses.

Rule 34 provides that: "Upon motion of any party showing good cause therefor * * * the court * * * may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control."

Rule 33 provides that: "Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer thereof competent to testify in its behalf. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the delivery of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time."

In the Chemical Foundation, Incorporated v. Universal-Cyclops Steel Corporation, D.C., 1 F.R.D. 533, 536, this Court held: "That the party interrogated need only answer matters of fact within his

knowledge and that he is not required to express opinions; also, that he is not required to make research and compilation of data and information not readily known to him."

In Roth v. Paramount Film Distributing Corporation, D.C., 4 F.R.D. 302, this Court held that Rule 33 is as broad as Rule 26; that the person interrogated is not required to attach copies of books, papers and documents; that the names of witnesses may be procured; also that the party interrogated may be interrogated as to facts within the knowledge of the interrogator.

The plaintiff in his brief states: "that 'as to those matters which the plaintiff cannot readily furnish information and details he may so state under oath.' Riordan v. Ferguson, D.C.S.D.N.Y.,1942, 2 F.D.R. 349."

Plaintiff already has by virtue of the examination he has made of defendant's books, papers, documents and records, facts which he seeks to elicit by the interrogatories he has filed.

Under Rule 34, plaintiff may examine and take a copy of all material documents, papers and records of the defendant. Under Rule 33, the plaintiff may by deposition, or written interrogatories, examine defendant as to any matter not privileged.

Applying the above rules of law to the interrogatories in this case and the objections made thereto, the objections to 1(a), 1(b), 2(b), 2(c), 2(d), and 3 should be sustained on the ground that defendant would be required to make research and compilation of data and information not readily known to her which would be expensive and burdensome to her. The objections to 2(d) and 3 should be sustained for the reason that defendant is not required to furnish a copy of her records, documents and papers (plaintiff being entitled to a copy under Rule 34 if such records, documents and papers are material to the issues in this case). The objection to interrogatory 2(a) should be refused for the reason that the answer involves a fact which can be answered either "yes" or "no", providing that defendant already has such knowledge or can readily procure the same.

Let an order be prepared and submitted in accordance with the foregoing opinion.