**BUSH v. SKIDIS.**

No. 6199.

United States District Court
E. D. Missouri, E. D.

Dec. 15, 1948.

Lee J. Placio and M. M. Rosenthal, both of St. Louis, Mo. for plaintiff.

Karl P. Spencer, of St. Louis, Mo., for defendant.

HULEN, District Judge.

Plaintiff's action is for damages for personal injury based on negligence of defendant. The sole allegation of negligence (and injuries) in the complaint, after stating defendant was operating an automobile and plaintiff was a pedestrian, is: " * * * defendant negligently caused and permitted said automobile with great force and violence to strike and collide with plaintiff, whereby plaintiff was caused to sustain serious and permanent injuries, due as a direct

and proximate result of the negligence of the defendant, * * *"

Defendant moves to make the complaint more definite, that it specify the negligence on which plaintiff relies. Plaintiff counters that his pleading meets the requirements of Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A., calling for "a short and plain statement of the claim showing that the pleader is entitled to relief". See Form 9, Appendix of Forms, Federal Rules of Civil Procedure, 28 U.S.C.A., 1947 Amendments.

The question presented by defendant's motion is not new. District Courts have ruled since the Federal Rules of Civil Procedure, 28 U.S.C.A., became effective, almost without exception, that a general charge of negligence was sufficient.[1] The basis of the decisions on the subject is that the new rules "restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial,"[2] and defendant should resort to discovery process to discover the specific grounds of negligence upon which the plaintiff seeks recovery. We have heretofore ruled on the present question in line with the authorities cited. A re-examination of the subject leads the writer to doubt the correctness of our holding.

We assume no one will claim defendant in a personal injury action, based on negligence, should be forced to trial without knowledge of the specific negligence he will be required to meet, provided he take reasonable precaution to obtain it. Indeed the decisions which hold a motion to make more definite and certain should be overruled, under circumstances like those now being considered, are based on the premise the defendant is entitled to the information, but the place to get it is in discovery

process and not the pleadings. The crux of the question is: Can defendant by discovery process force plaintiff to inform him of the negligence relied upon for recovery?

■ The scope of deposition and interrogatory process is identical.[3] Prior to amendment of the Rules, with respect to discovery process (Rules 26 to 37), recognized restrictions on this means of trial preparation were privilege and relevancy The decision in the Hickman case, supra, confines within narrow limits the plea of privilege in such proceedings. Under the amended rules relevancy no longer bars many lines of examination. Amendment to Rule 26(b) provides, "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." In the Hickman case the Court said a party "clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." And the Court in the same case stated, "No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into *the facts* underlying his opponent's case." (Emphasis added.)

Notwithstanding enlargement of the field which can be explored by discovery process and the liberality with which the rules on discovery should be interpreted, there are certain decisional rules of law which remain substantially as they were before adoption of the amendments to the Federal Rules of Civil Procedure. It is these cases which bear directly upon the question presented by the motion now for ruling. Opinions, and particularly opinions amounting to conclusions of law in personal injury actions, as to the negligence on which the

---

[1] Martz v. Abbott, D.C.M.D.Pa.1941, 2 F.R.D. 17; Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 1939, 103 F.2d 843; Komer v. Shipley, 5 Cir., 1946, 154 F.2d 861; Hardin v. Interstate Motor Freight System, D.C.S.D.Ohio 1939, 26 F.Supp. 97; Andrus v. Younger Bros., Inc., D.C.W.D.La.1943, 49 F.Supp. 499; Watson v. World of Mirth Shows, Inc., D.C.S.D.Ga.1944, 4 F.R.D. 31; Zoller v. Smith, Levin & Harris, Inc., D.C.M.D.Pa. 1940, 1 F.R.D. 182; Madsen v. Palmer,

D.C.S.D.N.Y.1941, 2 F.R.D. 13; Palum v. Lehigh Valley R. Co., D.C.E.D.N.Y. 1946, 5 F.R.D. 216; Raudenbush v. Baltimore & O. R. Co., D.C.E.D.Pa.1944, 4 F.R.D. 171; Lasicki v. Socony Vacuum Oil Co., D.C.M.D.Pa.1940, 1 F.R.D. 384.

[2] Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 388, 91 L.Ed. 451.

[3] Munzer v. Swedish American Line, D. C.S.D.N.Y.1940, 35 F.Supp. 493. Rule 33, amended, Federal Rules of Civil Procedure.

plaintiff bases its claim, do not lie within the scope of discovery under Rules 26 to 37.[4]

■ Conclusions of law have with particularity been criticized and excluded from the subject of information which may be obtained by discovery process.[5]

In 6 Cyc.Fed. Procedure it is stated (Sec. 2509): "Rule 26(a) should not be construed as requiring a plaintiff in a personal injury suit to answer an interrogatory asking in what respect the defendant, its agents or servants, were negligent in causing the injuries alleged in the complaint."

See also 18 Hughes, Federal Practice, Jurisdiction & Procedure, § 21844.

In Landry v. O'Hara Vessels, Inc., D.C., 29 F.Supp. 423, an action for injuries suffered on board defendant's fishing schooner, it was held that questions requesting plaintiff to state what in his opinion was the nature and cause of alleged unsafe or defective condition of machinery or motor, out of which the accident arose, called for the expression of an opinion and need not be answered by plaintiff.

Similar interrogatories were held bad on objection in a suit for damages for personal injuries due to negligence in operating a motor vehicle in Doucette v. Howe, D.C., 1 F.R.D. 18.[6]

The law is the same with respect to request for admissions under Rule 36. One

---

[4] Chandler v. Cutler-Hammer Co., D.C. E.D.Wis.1940, 31 F.Supp. 453; United States v. General Motors Corporation, D. C.N.D.Ill.1942, 2 F.R.D. 528; Doucette v. Howe, D.C.D.Mass.1939, 1 F.R.D. 18; Byers Theaters v. Murphy, D.C.W.D.Va. 1940, 1 F.R.D. 286; J. Schoeneman v. Brauer, D.C.W.D.Mo.1940, 1 F.R.D. 292; New England Terminal Co. v. Graver Tank & Mfg. Corporation, D.C.D.R.I. 1940, 1 F.R.D. 411; Babcock & Wilcox Co. v. North Carolina Pulp Co., D.C.D. Del.1938, 25 F.Supp. 596; Lenerts v. Rapidol Distributing Corporation, D.C.N. D.N.Y.1942, 3 F.R.D. 42; Carter Bros. v. Cannon, D.C.E.D.Tenn.1941, 2 F.R.D. 174; Chemical Foundation v. Universal-Cyclops Steel Corp., D.C.W.D.Pa.1941, 1 F.R.D. 533.

There are some decisions in the patent field where courts have permitted disclosure of opinions under the discovery rule on the ground that to do so facilitated trial of the issues: Schwartz v. Howard Hosiery Co., D.C.E.D.Pa.1939, 27 F.Supp. 443; Pierce v. Submarine Signal Co., D.C.Mass.1939, 25 F.Supp. 862; McInerney v. Wm. P. McDonald Const. Co., D.C.E.D.N.Y.1939, 28 F. Supp. 557; Thomas French & Sons, Ltd., v. Carleton Venetian Blind Co., D.C.E.D. N.Y.1939, 30 F.Supp. 903.

Even in patent litigation this seems to be a minority rule: Hoak v. Empire Steel Corp., D.C.N.D.Ohio 1946, 5 F.R. D. 330, loc.cit. 331; Lanova Corp. v. National Supply Co., D.C.Pa.1939, 29 F. Supp. 119; Teller v. Montgomery Ward & Co., D.C.Pa.1939, 27 F.Supp. 938; Coca Cola Co. v. Dixi-Cola Laboratories, D.C.D.Md.1939, 30 F.Supp. 275; Nakken Patents Corp. v. Rabinowitz, D.C.E.D.N. Y.1940, 1 F.R.D. 90; Chemical Foundation v. Universal-Cyclops Steel Corp., D. C.W.D.Pa.1941, 1 F.R.D. 533.

[5] Teller v. Montgomery Ward & Co., D. C.E.D.Pa.1939, 27 F.Supp. 938; Caggiano v. Socony Vacuum Oil Co., D.C.D. Mass.1939, 27 F.Supp. 240; United States v. General Motors Corporation, D. C.N.D.Ill.1942, 2 F.R.D. 528.

[6] In Ryan v. Lehigh Valley R. Co., D. C., 5 F.R.D. 399, 400, interrogatories were propounded in an action to set aside a release allegedly obtained by defendant through misrepresentations to plaintiff as to defendant's liability for injuries suffered by plaintiff. The interrogatories addressed to plaintiff by defendant called for opinions on alleged contributory negligence of plaintiff. In sustaining objection to the interrogatories the Court said: "Whether plaintiff was guilty of acts of carelessness and negligence and whether the circumstances were such that he assumed the risk are questions for the jury to decide upon all the evidence."

Other cases to the same effect are: Henwood v. Louisiana & Arkansas Ry. Co.* (D.C.W.D.Mo.1944); Caggiano v. Socony Vacuum Oil Co., D.C.D.Mass. 1939, 27 F.Supp. 240; American & Foreign Ins. Co. v. Richard Gibson & Sons, D.C.Mass.1940, 1 F.R.D. 501; Blumenthal v. Lukacs, D.C.S.D.N.Y.1942, 2 F.R.D. 427; United States v. General Motors Corp., D.C.N.D.Ill.1942, 2 F.R.D. 528; Compagnie Continentale D'Importation v. Pacific Argentine Brazil Line, D. C.S.D.N.Y.1940, 1 F.R.D. 388; Byers Theaters, Inc. v. Murphy, D.C.W.D.Va. 1940, 1 F.R.D. 286; J. Schoeneman, Inc., v. Brauer, D.C.W.D.Mo.1940, 1 F.R.D. 292; Nakken Patents Corp. v. Rabinowitz, D.C.E.D.N.Y.1940, 1 F.R.D. 90; Doucette v. Howe, D.C.Mass.1939, 1 F.R. D. 18; Cinema Amusements, Inc., v. Loew's, Inc., D.C.Del.1947, 7 F.R.D. 318;

* No opinion for publication.

of the few appellate court rulings as to the scope of inquiry under the discovery process is Fidelity Trust Co. v. Village of Stickney, 7 Cir., 129 F.2d 506, 511. We quote: "In any event, the admission requested was not one of facts but a conclusion of law. In fact, it was one of the questions of law most strenuously litigated, * * *." and is not authorized by the Rules.[7]

In Moore's work on Federal Practice (2d Ed., 1948, p. 1649), concerning Rule 8, we find this statement: " 'The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved. A generalized summary of the case that affords fair notice is all that is required.' This viewpoint has been followed by the majority of cases."

More specifically the same textwriter in his work on Federal Practice (Vol. 1, p. 554) has this to say:

"* * * in ruling on the sufficiency of a pleading that is on the borderline the court should consider: * * *

(2) Are the prima facie elements of the claim or defense stated?

(3) If these are stated, is the statement fair notice to the adverse party?

(4) It it feasible to require more particularity?"

The Supreme Court said in the Hickman case: "The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial."

Since discovery process is not open to a litigant charged generally with negligence "to obtain the fullest possible knowledge of the issues" as to the charge of negligence, a conclusion of law, relied on for recovery, this information should be set forth in the pleading of the party relying on it with sufficient clarity for the adversary to know what he is required to meet. No more—no

less. Doubtless in many cases where the party charged with negligence is denied "the fullest possible knowledge of the issues" of negligence in pleadings the party making the charge of negligence responds by discovery process, either ignoring the law governing discovery or reluctant to refuse information where his own conduct has forced the other party to that expedient. We are now considering a rule that is in accord with the law and spirit of the rules that call for fair notice to both sides of the issues—not voluntary acts of notice-giving. When we give consideration to all the modes of discovery and even to the relief obtainable by pretrial conference, we are convinced that if the rules "be construed to secure the just, speedy and inexpensive determination of every action" as specifically called for, statement of the grounds of negligence relied upon, in a case of the character now before the Court, should be in the pleading of the party making the charge. Even if decisions holding opinions amounting to conclusions of law are not a proper subject of inquiry under the rules providing for discovery were to be ignored to the extent of making an exception for discovery of grounds of negligence in a personal injury action, we cannot see how such procedure is conducive "to secure the just, speedy and inexpensive determination of every action". If the party making the charge of negligence could be required to set forth in answers to interrogatories or requests for admissions the specific acts of negligence relied on, why not let this information, as to the issues be set forth in the pleading? Why put the Court and the parties to the trouble of searching through various papers to determine what the issues are when the complaint and answer might serve the purpose—a purpose they have served from time immemorial.

Nor do we consider it good practice leading to "the just, speedy and inexpensive determination of every action" to say the par-

Walling v. Parry, D.C.W.D.Pa.1947, 6 F.R.D. 554; Blanc v. Smith, D.C.S.D.Iowa 1943, 3 F.R.D. 182; Lenerts et al. v. Rapidol Distributing Corp., D.C.N.D.N.Y. 1942, 3 F.R.D. 42; Carter Bros., Inc., v. Cannon et al., D.C.E.D.Tenn.1941, 2 F.R.D. 174; Hartford-Empire Co. v. Glenshaw Glass Co., D.C.W.D.Pa.1943, 4 F.

R.D. 210; Canuso v. City of Niagara Falls, D.C.W.D.N.Y.1945, 4 F.R.D. 362; 18 Hughes, Federal Practice, Jurisdiction & Procedure, § 22659; 6 Cyclopaedia of Federal Procedure, Sec. 2746.

7 Kraus v. General Motors Corp., D.C. S.D.N.Y.1939, 29 F.Supp. 430.

ty seeking full information on the issues may obtain it by pretrial conference. Such a proceeding requires time of the Court and the litigants and in the end the Court will reduce to a memorandum the issues of the case on negligence and file it in the case. To force the party charged with negligence to resort to discovery process or pretrial conference to learn the issues of the case as to charges of negligence means delay and added expense in the "determination" of the action. We believe a just and fair interpretation of the rules is not violated by requiring the party charging negligence to specify the negligence in its pleading and that such information in the pleading can well come within the wording of Rule 8, that the claim of negligence show "that the pleader is entitled to relief".[8]

It Is Therefore Ordered, defendant's motion to make the complaint more definite and certain is sustained.

[8] Randolph v. McCoy, D.C.S.D.Tex. 1939, 29 F.Supp. 978; Guerin v. Portland Trawling Co., D.C.D.Mass.1939, 1 F.R.D. 64; Greeley v. General Seafoods Corp., D.C.D.Mass.1941, 1 F.R.D. 532; Klug v. Palmer, D.C.E.D.N.Y.1942, 2 F. R.D. 273; Westland Oil Co. v. Firestone Tire & Rubber Co., D.C.N.D.1943, 3 F. R.D. 55; State of Maryland v. Acme Poultry Corp., D.C.D.Del.1945, 5 F.R.D. 29.