## KRAFT v. WASHINGTON & JEFFERSON COLLEGE.

Civ. A. No. 9152.

United States District Court
W. D. Pennsylvania.

Aug. 27, 1951.

———◆———

Ella Graubart, Patterson, Crawford, Arensberg & Dunn, Pittsburgh, Pa., for plaintiff.

Earl F. Reed, Jr., Thorp, Bostwick, Reed & Armstrong, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

This action is based upon an alleged breach of the contract of employment entered into between the plaintiff and the defendant. Depositions of several witnesses have been taken and requests for admissions have been filed by both parties. Both parties filed motions for summary judgment, which motions have been denied. The matter now before the Court is the motion of the plaintiff's counsel to require the defendant to make further answers to Interrogatories 1 to 6, filed June 6, 1951. In support of the motion, plaintiff's counsel urges that defendant's answers to Interrogatories 1. to 6 "are incomplete and evasive and that the defendant has willfully refused to respond to the interrogatories." Having filed an answer in which a response to each of the numbered interrogatories is made, the defendant, obviously, has not refused to respond to the interrogatories. Whether the answers are sufficient is the question for our determination.

Neither Rule 33 which deals with interrogatories between parties nor any other of the Rules of Civil Procedure, 28 U.S.C., provides expressly for a remedy against incomplete and evasive answers, but the courts have frequently ordered further answers on motion of the propounding party. 2 Barron and Holtzoff, Federal Practice and Procedure (Rules Ed. 1950) § 777, page 480.

We shall, therefore, examine the six interrogatories in question, together with the answers thereto. Interrogatory 1 and defendant's answer thereto are as follows:

"1. When did Washington and Jefferson College first enter into contracts with faculty members for a definite period?"

"Interrogatory No. 1. Washington & Jefferson College has never, to this affiant's knowledge, employed any faculty member for a definite period in excess of one academic year."

The plaintiff's counsel takes the position that the answer to this interrogatory is evasive and incomplete on its face since a contract of employment for one year is for a definite period. Counsel for the defendant contends that the date on which defendant first entered into contracts with

faculty members for a period of one year is not relevant or material to any issue in the trial of this case.

 It is clear that since the 1948 amendment to Rule 26(b) the scope of interrogatories is not limited to their admissibility as evidence in the trial of the case. Interrogatories may be used not only to obtain evidence but also to obtain information which may lead to the discovery of evidence and the relevancy required by Rule 26(b) refers only to the subject matter of the action. 2 Barron and Holtzoff Federal Practice and Procedure (Rules Ed. 1950) § 765, page 427; McNamara v. Erschen, D.C.Del.1948, 8 F.R.D. 427. We cannot say, therefore, that an answer to Interrogatory 1 setting forth the date on which the defendant first entered into contracts with faculty members for the definite period of one year would be beyond the permissible scope of interrogatories. With respect to the defendant's answer to the first interrogatory, we find that it is incomplete as above indicated and our order will direct defendant to make full answer.

 Interrogatory 2 and defendant's answer thereto are as follows:

"2. When did Washington and Jefferson College first enter into contracts with faculty members for permanent tenure?"

"Interrogatory No. 2. Defendant, Washington & Jefferson College, by this affiant, is unable to answer plaintiff's interrogatory No. 2 for the reason that the affiant is without definite knowledge of the meaning which plaintiff ascribes to the term 'permanent tenure', and that said interrogatory calls for a conclusion."

Numerous cases have held that one is not required to give an answer calling for a conclusion, particularly a conclusion of law. Bush v. Skidis, D.C.E.D.Mo.1948, 8 F.R.D. 561, at page 563; Chemical Foundation v. Universal Cyclops Steel Corp., D.C.W.D.Pa.1941, 1 F.R.D. 533, at page 535. It seems to us that the question of what a contract of "permanent tenure" is requires the interpretation of the contract and is necessarily a conclusion of law. This is particularly so in the absence of any definition of the term "permanent tenure." However, counsel for the plaintiff in the

course of her oral argument stated that in answer to interrogatory 2 she desired only to know when the defendant college first entered into contracts with faculty members in which the term "permanent tenure" was used. We therefore shall consider interrogatory No. 2 so amended. As amended, it seeks only facts and not conclusions, and the defendant will therefore be ordered to answer the interrogatory as amended.

Interrogatory No. 3 and defendant's answer thereto are as follows:

"3. How many men were there on the faculty of Washington and Jefferson College, how many had contracts for a definite period, how many had contracts for permanent tenure:

"a. In the school year 1947–48?

"b. In the school year 1948–49?

"c. In the school year 1949–50?

"d. In the school year 1950–51?"

"Interrogatory No. 3. In the academic year 1947–1948 there were 79 men on the faculty of Washington & Jefferson College; in the academic year 1948–1949 there were 77 men on the faculty of Washington & Jefferson College; in the academic year 1949–1950 there were 63 men on the faculty of Washington & Jefferson College; and in the academic year 1950–1951 there were 55 men on the faculty of Washington & Jefferson College. Of the above numbers, there was no member of the faculty who was employed for a definite period in excess of one academic year. This affiant is unable to answer the remainder of said interrogatory for the reason that he is without definite knowledge of the meaning which plaintiff ascribes to the term 'permanent tenure', and that said remainder of said interrogatory calls for a conclusion."

Plaintiff's objections to the answer of the defendant to interrogatory 3 are embodied in the objections to the answers to interrogatories 1 and 2. Likewise, counsel's statement of her willingness to limit the interrogatories to instances where the term "permanent tenure" is used is applicable to this interrogatory. The defendant will be ordered to answer interrogatory No. 3 by stating how many faculty members in the various years indicated had contracts for a definite period, including the period of one year, and how many faculty members had contracts in which the term "permanent tenure" was used.

Interrogatory No. 4 and defendant's answer thereto are as follows:

"4. How many contracts does Washington and Jefferson College have with members of its faculty for the year 1951–1952 which are (a) for a definite period; (b) for permanent tenure? Give the dates when these contracts were executed."

"Interrogatory No. 4. As of the date of the within answers to interrogatories, fifty-five members of the faculty have been notified that they will be retained as members of the faculty for the academic year 1951–1952. Of these above mentioned, none has been notified that his said employment will extend beyond the academic year 1951–1952. Such employment arises directly upon notification by the Board of Trustees, and no written contract between the teacher and the college is prepared or executed. This affiant is unable to answer the remainder of said interrogatory for the reason that he is without definite knowledge of the meaning which plaintiff ascribes to the term 'permanent tenure', and that said remainder of said interrogatory calls for a conclusion."

Interrogatory No. 4 is in substance the same as interrogatory No. 3 except that it applies to the year 1951–1952. We deem the answer to this interrogatory complete except as to the last sentence. The defendant will be ordered to make further answer to interrogatory 4 by stating in how many contracts covering the academic year 1951–1952 the term "permanent tenure" was used.

Interrogatory No. 5 and defendant's answer thereto are as follows:

"5. How many men served probationary periods before obtaining contracts for permanent tenure? What was the average length of the probationary service."

"Interrogatory No. 5. Defendant, Washington & Jefferson College, does not subscribe to the practice of employment of members of its faculty for "probationary

periods"; to the best of this affiant's knowledge no member of defendant's faculty has been employed for any "probationary period."

Defendant's answer to interrogatory 5 clearly states that the defendant did not observe any probationary period in connection with its contracts of employment with faculty members. We therefore deem this interrogatory sufficiently answered.

■ Interrogatory No. 6 and defendant's answer thereto are as follows:

"6. In the years 1947 to 1951, was there any member of the faculty of Washington and Jefferson College who did not have a contract for a definite period or for permanent tenure? If so, how many?

"Interrogatory No. 6. In the years 1947 to 1951 no member of the faculty of Washington & Jefferson College was employed for a definite period in excess of one academic year. This affiant is unable to answer the remainder of said interrogatory for the reason that he is without definite knowledge of the meaning which plaintiff ascribes to the term "permanent tenure", and that said remainder of said interrogatory calls for a conclusion."

In answer to interrogatory 6 the defendant has clearly stated that no faculty member had a contract for a period in excess of one academic year. This, we believe, is a complete answer to the interrogatory, so that the remainder of the answer may be regarded as surplusage.

Our order will be issued in accordance with the above discussion.