**BROWN**

v.

**UNITED STATES LINES CO.**

United States District Court,
S. D. New York.

Dec. 7, 1953.

Arkin & Kottler, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

SUGARMAN, District Judge.

Defendant "excepts" to plaintiff's answers to eleven of the fourteen interrogatories propounded by defendant, on the ground that the answers are not responsive.

Although the local rules of this court contain no provision governing a situation such as here presented,[1] this court may entertain a motion to require further answers to interrogatories, as have other districts, lacking such specific local rule.[2]

The instant "exceptions" by defendant to plaintiff's answers to its interrogatories are so treated.

Plaintiff is the administratrix of a deceased seaman who died on March 29, 1953 allegedly as a result of injuries sustained aboard defendant's vessel at Bremerhaven, Germany, on March 17, 1953. The complaint alleges negligence and unseaworthiness as the proximate cause of the deceased's injuries and death.

In opposition to defendant's "exceptions", plaintiff's attorney states that the answers are as responsive as possible at the present time. A reading of the interrogatories and answers thereto convinces me that the interrogatories said to be unanswered have been answered as fully and completely as is possible at present.[3]

Accordingly, defendant's "exceptions" to plaintiff's answers to its interrogatories, here treated as a motion by defendant for further answers to its interrogatories, is denied.

Settle order.

1. See Civil Rule 13, N.D.N.Y.

2. Kraft v. Washington & Jefferson College, D.C.W.D.Pa., 11 F.R.D. 503;
   Sikes Co. v. Swift & Co., D.C.W.D.N.Y., 9 F.R.D. 19.

3. Carstens v. Great Lakes Towing Co., D.C.Ohio, 71 F.Supp. 394.