### CHARLES v. BAUER.

Circuit Court, Palm Beach County.
September 19, 1956.

Albert T. Sims and Russell H. McIntosh, both of West Palm Beach, for plaintiff.

G. H. Martin, Fort Lauderdale, and Tully Scott, West Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

This cause, involving an arm injury alleged to have been sustained by the plaintiff, a minor, on December 25, 1954, and alleged negligent or improper professional treatment thereof by the defendant, is before the court upon plaintiff's objections to certain

interrogatories propounded by the defendant. The deposition of the plaintiff's mother was previously taken at the instance of the defendant on June 1, 1956.

The plaintiff objects to certain interrogatories, among others, which seek to elicit information regarding (1) the physical condition of the plaintiff at the time of the last medical treatment or examination; (2) the condition of the plaintiff today as compared with her condition immediately before the injury; (3) the condition of the plaintiff today as compared with her condition immediately following the injury; (4) whether the plaintiff at any time before or after the accident referred to in her complaint ever sustained bodily injuries of any kind by or through an accident of any type, kind or character, and if so, a description of same in detail, including the date, place and the names of other persons involved; (5) whether the plaintiff at any time prior to the accident complained of in this suit ever suffered any type of disability or physical infirmity whatsoever, and if so, a description of same in detail, giving dates, places of occurrence and by whom treated.

The court is mindful of the usefulness of interrogatories as a tool in facilitating the handling and progress of litigation. Nevertheless, the propriety of proposed interrogatories is subject to the exercise of judicial discretion by the court, in the interpretation of certain recognized principles. Thus, it has been held by many courts that interrogatories requiring the expression of opinion, or for conclusions, or which seek to require the responding party to make comparisons, are objectionable. Further, it has been held that interrogatories which require research on the part of the responding party are objectionable, and that interrogatories which are unreasonable, burdensome, vexatious, onerous, or which impose an undue hardship on the answering party are objectionable. Likewise, interrogatories directed toward relatively minor evidentiary details, rather than important facts are as a general rule objectionable. See Porter v. Montaldo's, 71 Fed. Supp. 372, and authorities therein cited. The court there sustained objections to certain interrogatories, although conceding that "perhaps no one of these declared principles should be considered as an absolute bar in every case, to interrogatories falling within their prohibition."

In the case of Hercules Powder Co. v. Rohm & Haas Co. (D. C. Del.), 3 F.R.D. 328, the court reviewed certain principles enunciated by other authorities therein cited on the scope of interrogatories, as follows—

"Several cases illuminate this question clearly. Judge McVicar concluded: 'That the party interrogated need only answer

matters of fact within his knowledge and that he is not required to express opinions; also, that he is not required to make research and compilation of data and information not readily known to him.' Chemical Foundation, Inc. v. Universal-Cyclops Steel Corp., D.C., 1 F.R.D. 533, 536. Judge Darr: 'I think that discovery should be confined to bare facts and not to any elaboration of explanation or comparison.' Boysell Co. v. Colonial Coverlet Co. Inc., D.C., 29 Fed. Supp. 122, 124. Judge Chesnut: 'Despite the wide latitude of subject matter now permissibly embraced within the scope of interrogatories under rule 33, there are necessarily some implied and inherent limitations affecting proper practice regarding them. * * * the necessary inference would seem to be that the party interrogated need only answer matters of fact within his knowledge, and this would seem to exclude the propriety of interrogatories which merely seek to elicit opinions, or which require research and compilation of data and information not readily known to the party interrogated * * * '."

Certain of the information sought in the interrogatories under consideration was heretofore in substance furnished to the defendant in the deposition mentioned, and it is unnecessary for the same to be reiterated by the plaintiff. The interrogatories set forth above which seek other and additional information, insofar as they have any relevancy or materiality, are in conflict with the principles just discussed, and should not be permitted.

It is ordered and adjudged that plaintiff's objections to interrogatories numbered 1 (b), (e), and (f), and to those numbered 5, 6 and 7 are hereby sustained, and the plaintiff is excused from answering the same. Objections to the remaining interrogatories are severally overruled, and the plaintiff shall answer said interrogatories within 15 days after receipt of copy of this order.