George M. **COLES,** Jr., as Personal Representative of the Estate of Donald E. Egan, and Emilie C. Egan, Plaintiffs,

v.

William Harold **JENKINS,** Travel Ventures Ltd. d/b/a Vermont Bicycle Touring, Defendants.

Civil Action No. 97–0031–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

May 1, 1998.

John Randolph Parker, Parker, McElwain & Jacobs, PC, Charlottesville, VA, Richard J. Phelan, James D. Dasso, Dianne L. Hicklen, Foley & Lardner, Chicago, IL, for plaintiffs.

William Vaughan Riggenbach, Duane & Shannon, Richmond, VA, for William Harold Jenkins.

Glen Michael Robertson, Marshall Allen Winslow, Jr., Payne, Gates, Farthing & Radd, P.C., Norfolk, VA, Rodney E. Gould, Rubin, Hay & Gould, P.C., Framingham, MA, for Travel Ventures, Ltd.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Before the court is the defendant Travel Ventures, Ltd. d/b/a Vermont Bicycle Touring's April 13, 1998 Objections to the Magistrate Judge's March 27, 1998 Order and the plaintiffs' April 22, 1998 Response to the same. For the reasons expressed herein, the court will overrule the defendant's objections and decline to modify or set aside the March 27, 1998 Order of the Magistrate Judge.[1]

### I.

Under Fed.R.Civ.P. 72(a), a party may object to non-dispositive, pre-trial Orders of a United States Magistrate Judge. (West 1997). As the rule reads, in pertinent part:

The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

*Id.*

Travel Ventures, Ltd. d/b/a Vermont Bicycle Touring ("VBT") objects to the Magistrate Judge's March 27, 1998 Order requiring VBT to supplement its answer to plaintiff's Interrogatory 12. That interrogatory states, "Describe in detail the standard of care that you contend commercial roadway bicycle touring operators owe to their guests." VBT initially objected to the interrogatory stating, "The information requested...will be provided in conformity with the Scheduling Order."

Def's Ans. to Pl's First Set of Ints. at 7. In other words, VBT indicated that one of its expert witness, to be listed and exchanged with the plaintiffs at the date called for in the Scheduling Order, and not it, would answer, in effect, the question with his or her trial testimony or expert witness report. Without waiving its objection, VBT later supplemented its answer to Interrogatory 12 stating, "VBT contends roadway bicycle tour operators owe to their guests a duty to conduct themselves in a non-negligent manner. That is to say, in conformity with standards followed in the industry by reasonable tour operators providing a similar product to a similar clientele. For additional information, please see the expert witness reports provided by VBT." Def's Supp. Ans. to Pl's First Set of Ints. at 3.

In his ruling from the bench during the March 26, 1998 hearing of plaintiffs' Motion to Compel VBT to answer further Interrogatory 12,[2] the Magistrate Judge stated:

I think you need to present to them a clear cut response to that interrogatory. It's time. It's past time. If you didn't know the standard of care under which you were operating at the time[,] there ain't no expert that's going to come to your rescue unless you happen to conform to it by accident.

VBT objects to the ruling on grounds that answering the Interrogatory calls for an opinion or legal conclusion, in purported violation of the Federal Rules of Civil Procedure as interpreted by certain caselaw. Def's Objects. at 2 (citing *Richards v. Maine Central Railroad*, 21 F.R.D. 590, 592 (D.Me. 1957); *United States v. Selby*, 25 F.R.D. 12 (N.D.Ohio 1960); *Porter v. Montaldo's*, 71 F.Supp. 372 (S.D.Ohio 1946); *J Schoeneman, Inc. v. Brauer*, 1 F.R.D. 292 (W.D.Mo.1940)).

The defendant's objections rings hollow; the cases it cites predate Fed.R.Civ.P. 33(c),

---

**1.** Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred this case to the Honorable B. Waugh Crigler, United States Magistrate Judge, to preside over discovery matters. The defendant cites the inapposite Fed.R.Civ.P. 73(d) as the basis for its appeal of one such pretrial discovery Order of the Magistrate Judge. The governing Rule is Fed.R.Civ.P. 72(a) because Rule 73 concerns

cases the parties have consented to having a Magistrate Judge try pursuant to 28 U.S.C. § 636(c). Thus, the court will analyze the issue *sub judice* under Rule 72.

**2.** The transcript of the ruling was filed the next day and is treated as the date of the Order.

as amended in 1970. Rule 33, "Interrogatories to Parties," reads with utter clarity:

(c) Scope; Use at Trial

. . .

An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory [to a party] involves an opinion or contention that relates to fact or the application of law to fact. . . .

(West 1997). In the Advisory Committee Notes to the former Rule 33(b), now Rule 33(c),[3] the drafters explain the rationale for amending the rule to allow interrogatories calling for opinions or contentions applying law to facts:

Rule 33 is amended to provide that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact. Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful, and the clear trend of the cases is to permit "factual" opinions. As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery. . . . On the other hand, under the new language interrogatories may not extend to issues of "pure law," *i.e.*, legal issues unrelated to the facts of the case.

Fed.R.Civ.P. 33, Advisory Committee Notes, 1970 Amendments (West 1997) (citing, inter alia, *Diversified Products Corp. v. Sports Center Co.*, 42 F.R.D. 3 (D.Md.1967))(other citations omitted).

Even assuming that Interrogatory 12 calls for a legal opinion, it does not call for one on an issue of "pure law." The legal issue of the standard of care a bicycle tour operator owes to its guests is not only related to the facts of this case, but is *centrally* related thereto. The action, after all, alleges negligence by VBT in its operation of a bicycle tour during which Mr. and Mrs. Egan were struck and injured (Mr. Egan fatally so) by a motorist. More accurately, however, the interrogatory seeks *factual* information from VBT, namely, the standard of care that *it,* as opposed to its expert witnesses, contends commercial bicycle tour operators owe to their patrons. This court so holds.

II.

Accordingly, the court will ratify the Order of the Magistrate Judge that VBT must further supplement its answer to Interrogatory 12 and state, "in detail," what it thought was the relevant standard of care beyond the non-responsive answer it provided in its first answer or, even, the conclusory answer it provided in its supplemental answer. Because the Magistrate Judge's Order to this effect was not "clearly erroneous or contrary to law" as contemplated by Rule 72(a), the court will decline to modify or set aside that portion of the Order.

---

**3.** *See* Fed.R.Civ.P. 33, Advisory Committee Notes, 1993 Amendments (West 1997) ("Subdivisions (c) and (d). The provisions of former subdivisions (b) and (c) are renumbered.").