## WILD v. KNUDSEN (two cases).

### Nos. 207, 208.

District Court, E. D. Tennessee, S. D.

March 4, 1941.

Berke & Fleming, of Chattanooga, Tenn., for plaintiffs.

Raulston & Raulston, of South Pittsburg, Tenn., for defendant.

DARR, District Judge.

These are companion cases and substantially the same questions are raised for consideration. For this reason a decision will be announced in both cases in one opinion.

The cases were removed from a state court before initial pleading was filed. The relief sought is based upon negligence. The plaintiffs had prepared their declarations to be filed in the state court and when the causes were removed, filed their declarations as complaints in this court.

By motion the defendant seeks to strike certain portions of the declarations.

It is my judgment that the substance and form of the declarations as prepared for state court do not comply with the spirit and letter of the provisions of the Federal Rules of Civil Procedure as contained in Rule 8(a) and Rule 10, 28 U.S.C.A. following section 723c.

It is true that if the pleadings are filed before removal, such pleadings may stand to make the issue in the federal court. But if the pleadings are not filed until after the removal, the pleadings must conform to the Federal Rules of Civil Procedure.

647

It is my judgment that due regard should be given to Rule 8(a) and Rule 10, with consideration for Rule 84, and that the complaint should be in substantially the form provided in the Appendix of Forms to the Rules in Official Form 9.

The defendant contends in his motion that the negligence based upon violations of state statutes, as contained in the declarations, are in effect the same as the common law negligence, and should be stricken from the pleadings.

I am of the opinion that the plaintiffs are entitled to plead negligence by reason of the violation of these statutes and this complaint of the defendant can be better adjudicated at the trial as the proof develops. The plaintiffs may plead the violations of the statutes as contained in their declarations.

It results that it is my judgment that the declarations should be stricken in their entirety and that the plaintiffs should re-plead in conformity to the announcements in this decision.

The plaintiffs will be given fifteen days to file their complaints.

It is so adjudged.