### SHONTZ v. TORREY.

#### No. 5397.

United States District Court
W. D. Missouri, W. D.

Dec. 30, 1948.

Douglas Stripp and Watson, Ess, Barnett, Whittaker & Marshall, all of Kansas City, Mo., for plaintiff.

Blackmar, Newkirk, Eager, Swanson & Midgley, of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The motion for a more definite statement is directed against the averments of the complaint to the effect that the defendant through its agent and servant "negligently drove a motor truck into collision with plaintiff's automobile * * *." It is the contention of the defendant that a more definite statement of this averment is necessary to "enable defendant properly to prepare a responsive pleading or prepare for trial."

The Amended Rules of Civil Procedure, 28 U.S.C.A., have eliminated from Rule 12 (e) the original provision and language, "to enable him properly to prepare his responsive pleading or to prepare for trial." Moreover, the Appendix of Forms appended to the New Rules of Civil Procedure in the Federal Courts illustrates what averments should be made in negligence cases. Form 9 of the Appendix contains this recital:

"Defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway * * *."

The District Court for the Eastern District of Tennessee in Wild v. Knudsen, 1 F.R.D. 646, loc. cit. 647, said in a negligence case, "It is my judgment that due regard should be given to Rule 8(a) and Rule 10, with consideration for Rule 84, and that the complaint should be in substantially the form provided in the Appendix of Forms to the Rules in Official Form 9."

Judge Lovett, of the So. District of Georgia, in Watson v. World of Mirth Shows, D.C., 4 F.R.D. 31, 32, on a somewhat similar motion, said:

"According to the illustrative form of a Complaint for Negligence, 28 U.S.C.A. following section 723c, Appendix of Forms, Form 9, it is only necessary to allege that defendant acted negligently and as a result the plaintiff was injured."

These decisions are substantially in accord with the universal rulings of the district courts and as specifically approved by Rule 84.

It follows that the motion should be overruled. It may be suggested that the defendant can obtain all of the information sought by interrogatories, or by depositions, or a request for admissions.