PENNSYLVANIA R. CO. v. LATTAVO
BROTHERS, Inc. et al.

Civ. No. 26262.

United States District Court
N. D. Ohio, E. D.

May 11, 1949.

Sol A. Rosenblatt, New York City, for plaintiff.

Schwartz & Frohlich, New York City, Louis D. Frohlich, New York City, Herbert P. Jacoby, New York City, for defendants.

James C. Davis, Geo. H. P. Lacey and Squire, Sanders & Dempsey, Cleveland, Ohio, for plaintiff.

A. W. Thomas, Cleveland, Ohio, for defendant.

206

JONES, Chief Judge.

This action arises out of a collision of one of defendant Lattavo's tractor-trailer units with one of plaintiff's trains. Plaintiff has joined defendant Fidelity as the liability insurer of Lattavo.

Defendants have moved to strike from the complaint all reference to Fidelity and to dismiss Fidelity as a party herein for the reason that the complaint fails to state a claim against Fidelity upon which relief may be granted. Plaintiff contends that Fidelity is properly joined under Rules 18 (b) and 20(a), Rules of Civil Procedure, 28 U.S.C.A.

Rule 18(a), as defendant points out, relates to joinder of claims, not of parties.

Rule 20(a) provides for the joinder of defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

The plaintiff presently has no cause of action against Fidelity. The questions of law and fact to be determined in this case will relate to the collision at the crossing. Whether Fidelity will be required to pay any money to plaintiff will depend upon whether judgment is for plaintiff or defendant and, if for plaintiff, whether the contract between defendant and Fidelity required Fidelity to pay in this instance.

Since it does not appear that, if plaintiff does have a claim against Fidelity, any questions of law or fact common to its claim against defendant Lattavo would be involved, the requirements of Rule 20(a) as to joinder of defendants are not present in this case.

Some states, apparently, have statutes authorizing the joinder of the liability insurer in an action against the insured. There apparently is no such statute in Ohio.

For the reasons noted, defendants' motion to strike and to dismiss The Fidelity and Casualty Company of New York as a party defendant will be sustained for failure to state a claim and for improper joinder.

Defendant Lattavo's motion for a more definite statement as to the respects in which it is claimed said defendant was negligent will be overruled. The complaint alleges that defendant's agent "negligently drove a motor tractor and trailer into collision with plaintiff's east-bound passenger train * * *." (Complaint, par. 5.) The complaint appears to have been drafted in the spirit of Rule 8(a) and (e)(1) and in conformity with Form 9, Rules of Civil Procedure. The further information which defendant seeks may be obtained by the discovery procedures but should not burden the pleadings.

Summarizing:

1. Defendants' motion to strike is sustained.

2. Defendants' motion to dismiss Fidelity as a party defendant is sustained.

3. Defendant Lattavo's motion for a more definite statement is overruled.