## COOPER v. GLOBE INDEMNITY CO.
### Civ. No. 2608.

United States District Court
W. D. Louisiana, Shreveport Division.
Sept. 20, 1949.

A. Harvey Broyles, Shreveport, La., for plaintiff.

Irion & Switzer, Shreveport, La., for defendant.

DAWKINS, Chief Judge.

Plaintiff sues Globe Indemnity Company, insurer of the "City of Shreveport, Louisiana, through its Department of Water and Sewerage" on a liability policy, pursuant to a statute of the State of Louisiana, permitting the action to be prosecuted against the Insurance Company alone, for damages alleged to have been caused when his automobile was precipitated into a hole in the street, alleged to have been caused by a defect in a water main, which washed the earth from beneath and left only a thin crust, which collapsed.

Defendant has moved to dismiss on the ground that this court is without jurisdiction, because the complaint, it is contended, does not properly allege diversity of citizenship; and in the alternative, for a bill of particulars.

■ In its opening paragraph the complaint alleges that plaintiff is a "resident of Caddo Parish, La.", which is not the same as saying that he is a citizen of this state. However, the tenth article of the complaint alleges "that there is diversity of citizenship between the complainant and defendant". I cannot agree that this latter allegation is a legal conclusion as counsel for defendant contends, since the words "diversity of citizenship" have a well settled meaning, i. e., the plaintiff and defendant are citizens of different states, and in this instance the complaint does definitely state that defendant is a corporation, domiciled in the state of New York In these circumstances, there would be jurisdiction, regardless of what state plaintiff was a citizen, so long as it was not New York, and there was proper service of process; hence, instead of dismissing the complaint, the plaintiff will be required to allege specifically the state of which he is a citizen.

■ The motion for particulars asks that plaintiff state "in what manner" the water main (alleged to have burst and caused the undermining of the street, which collapsed when plaintiff's car passed over it) "became defective, and in what manner" the city of Shreveport failed to "maintain the same or to care for same." The nature of the alleged circumstances out of which the condition charged, was produced was such that the city would be in the better position to know what happened, and the plaintiff could probably get this information only from that source.

■ The motion further seeks to have plaintiff allege the manner in which the "Water Department of the City of Shreveport was so fully informed and at what time said information was conveyed to it"; that he should also be required "to state exactly the dimensions of the roadway" undermined by the water "and in what portion of the public road or street it was located * * *"; that he further be required to "allege with exactness what injury he received to his back, the location thereof, a description thereof and extent thereof"; and finally, that he set forth, in view of his claim of $40,000 as his "earning capacity, and $5000 medical expenses * * *; what earning capacity he had, for whom he was working, for what wages or salary, for what period of time", and that he should further allege "the names of the doctors and hospitals to which he claims to owe medical expenses to the extent charged as to each".

All of this is evidence or details, which do not have to be alleged under the Federal Rules of Civil Procedure, 28 U.S.C.A. Defendant has ample remedy to get the information through interrogatories and discovery.

Both motions will be denied.

Proper decree should be presented.