**ILLINOIS–CALIFORNIA EXPRESS, Inc., v. DUFFY.**

Civ. A. No. 2–381.

United States District Court
S. D. Iowa, Central Division.

Aug. 10, 1953.

F. S. Fillmore, Des Moines, Iowa, for plaintiff.

W. C. Hoffmann and W. C. Hoffmann, Jr., Des Moines, Iowa, for defendant.

RILEY, District Judge.

This matter is before the court on defendant's motions for more specific statement and to strike. Written statements of counsel in support and in opposition to the said motions have been presented and considered.

**I.**

The motion for more specific statement is directed to the alleged insufficiency which defendant claims to exist in paragraph 5 of the complaint wherein plaintiff states:

"that the proximate cause of the damage sustained by plaintiff was the negligence of the defendant in

---

1. Moore's Fed.Prac., 2d Ed., Vol. 4, para. 26.09(2), p. 1046, footnote 33.

2. Fed.Rules Civ.Proc. rule 26(a), 28 U.S. C.A.

the operation of his automobile at said time and place."

■ Defendant relies upon Rule 112 of the Iowa Rules of Civil Procedure, 58 I.C.A., to support his motion for more specific statement. This court follows the Federal Rules of Civil Procedure, 28 U.S.C.A., of which Rule 8 specifies the type of statement which a complaint shall contain. The illustrative forms suggested in connection with the Federal Rules of Civil Procedure include Form 9, Complaint for Negligence. Appendix of Forms, 28 U.S.C.A. Plaintiff's complaint conforms therewith. Defendant has recourse to discovery proceedings to inform himself in greater detail. The motion therefore in this respect must be overruled.

## II.

■ Defendant's motion to strike is aimed at the following allegation found in paragraph 7 of the complaint:

"that a certain portion of the cargo being hauled by plaintiff was irreparably damaged while in the possession of the plaintiff as bailee for transportation for hire and in the regular course of its business as common carrier of goods and merchandise in interstate commerce and by reason of plaintiff's status as such bailee it reimbursed the lawful holders of the bills of lading of said cargo for the actual value of such cargo, plus labor costs for unloading, inspection, repackaging and reloading, in the aggregate sum of $12,451.74."

As grounds therefore defendant contends that from this pleading it appears: (1) that the cargo involved was not the property of plaintiff; (2) that plaintiff therefore is not the proper person to bring this suit; (3) that so long as it exercised ordinary care in transporting the cargo in question, plaintiff as bailee was not obligated to pay for the damages claimed to have resulted from the alleged collision; and (4) having voluntarily paid its bailor for the resultant damages,

it is in no position to collect from a possible joint tort-feasor. To accept these contentions of the defendant and to rule in his favor at this time would be equivalent to sustaining a motion to dismiss. The important question the court is concerned about now is to determine whether an adequate claim for relief has been plead. This requirement has been fulfilled. The present motion to strike will therefore be overruled without prejudice to the defendant of raising such legal questions as above mentioned at an appropriate time during trial.