Ronald WYCOFF, a minor, by his father and next friend, William D. Wycoff, Plaintiff,

v.

Brownie P. NICHOLS and Lucille Nichols, Defendants.

No. 1748.

United States District Court
W. D. Missouri,
Southwestern Division.

Aug. 30, 1962.

See also 32 F.R.D. 370.

Houts, James, Randall, Hogsett & McCanse, by Dwight L. Larison, Kansas City, Mo., Russell Shultz, Wichita, Kan., for plaintiff.

Seiler, Blanchard & Van Fleet, by Karl Blanchard, Joplin, Mo., for defendants.

BECKER, District Judge.

This is a suit for damages for personal injuries by a guest against the operator of a resort motor hotel.

Defendants have moved, under Rule 12 (e) of the Federal Rules of Civil Procedure, for an order requiring plaintiff to make a more definite statement of paragraph 5 of the complaint herein:

"While so engaged [allegedly using swimming facilities of defendants' motor court as invitee and guest] plaintiff was caused to be seriously and grievously injured as a direct result of the carelessness and negligence of defendants in maintaining said facilities in a dangerous and hazardous condition and in failing and omitting to warn plaintiff of said dangerous and hazardous condition."

Defendants state as grounds for the motion that they have "no inkling of the specific condition or facility to which plaintiff refers," and that this information is necessary for defendants to properly prepare a responsive pleading and to prepare for trial of the cause.

The amended Rules of Civil Procedure have eliminated from Rule 12(e) the original language "to prepare for trial." 28 U.S.C.A. Rule 12(e). This change merely brings the language of the rule in line with the better rule of construction prior to the change. Pedersen v. Standard Accident Ins. Co. (W.D.Mo.) 8 FR Serv. 12e.231, case 8; Walling v. Alabama Pipe Co. (D.C.W.D.Mo.) 3 F.R.D. 159; 2 Moore, Federal Practice ¶ 12.17, pp. 2287–93, and cases there cited; 1A Barron and Holtzoff, Federal Practice and Procedure § 362 and cases cited, l. c. 425.

**370**

Under the amended Rule 12(e) a motion for more definite statement may be granted but only if the information sought is necessary to form a responsive pleading and not for the purpose of obtaining information necessary to prepare for trial. The test is whether the pleading to which a responsive pleading is permitted "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Rule 12 (e), Fed.R.Civ.P.

The defendants have already answered plaintiff's complaint. Therefore there is no necessity for further discussion of the statement in defendants' motion that they cannot properly frame responsive pleadings. Agricultural Lands, Inc. v. Pan Handle & S. F. Ry. Co. (W.D.Mo.) 60 F.Supp. 108, l. c. 110.

In order to prepare for trial, defendants may ascertain the specific claims and contentions of the plaintiff by appropriate discovery process.

Bush v. Skidis (E.D.Mo.) 8 F.R.D. 561, l. c. 564–565, held that a defendant could not by discovery process force the plaintiff to inform him of the negligence relied upon for recovery. However, this decision was admittedly contrary to firmly established federal practice. Bush v. Skidis, supra, l. c. 562. Further, the decision has been severely criticized. 4 Moore, Federal Practice, ¶ 33.18, p. 2312 wherein the following comment on the Bush case appears:

> "This holding cannot be supported. Liberal use of interrogatories for the purpose of clarifying and narrowing the issues made by the pleadings should be permitted and encouraged by the courts. Only in this manner can the proper interrelation between the pleading and the discovery rules be maintained."

The decision has been disregarded by subsequent decisions, see, e. g., Illinois-California Exp., Inc. v. Duffy (S.D.Iowa) 15 F.R.D. 41, l. c. 42; Cooper v. Globe Indemnity Co. (W.D.La.) 9 F.R.D. 430, l. c. 413; Pennsylvania R. Co. v. Lattavo Brothers, Inc. (N.D.Ohio) 9 F.R.D. 205, l. c. 206; Shontz v. Torrey (W.D.Mo.) 8 F.R.D. 576. The Bush case will not be followed.

It is therefore

Ordered that the defendants' motion for a more definite statement be, and it is hereby, overruled.