Melvin **WEBB**, Plaintiff,

v.

G. Farrell **WEBB**, Defendant.

Civ. A. No. 13919–4.

United States District Court
W. D. Missouri, W. D.

Jan. 2, 1963.

———◇———

Simon & Pierce by Robert G. Duncan, Kansas City, Mo., for plaintiff.

Sprinkle, Carter, Sprinkle & Larson by Richard P. Sprinkle, Kansas City, Mo., for defendant.

BECKER, District Judge.

This cause is before the Court upon defendant's motion, under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order requiring plaintiff to make a more definite statement of the complaint herein.

The complaint, summarily stated, is that the defendant extracted a tooth of plaintiff's wife in a negligent, careless and unprofessional manner, that defendant's post-operative examination and treatment thereof was made in a negligent manner in that an infection thereof set in, and that as a direct and proximate result thereof plaintiff's wife was injured and died, and plaintiff suffered damages thereby.

Defendant states that the complaint is so vague and ambiguous that he cannot frame a responsive pleading thereto.

■■ In view of the plaintiff's suggestion that this is a *res ipsa loquitur* case, and in view of the fact that defendant may avail himself of interrogatories for the purpose of clarifying and narrowing the issues made by the pleadings, the Court is of the opinion that the complaint herein is not so vague or ambiguous that defendant cannot reasonably be required to frame an answer thereto and that defendant ought to be required to admit or deny the allegations of negligence in the complaint without further specification.

In support of the motion for more definite statement, defendant cites Bush v. Skidis (E.D.Mo.) 8 F.R.D. 561, l. c. 565, and Schmidt v. Going (W.D.Mo.) 25 F.Supp. 412.

In Bush v. Skidis, supra, a motion to make complaint more definite and certain was sustained for the reason that a defendant could not by discovery process force the plaintiff to inform him of the negligence relied upon for recovery. However, this decision was admittedly contrary to firmly established federal practice. Bush v. Skidis, supra, l. c. 562 of 8 F.R.D. Further the decision has been severely criticised in 4 Moore, Federal Practice ¶ 33.17, p. 2312 (2d ed.), wherein the following comment appears:

> "This holding cannot be supported. Liberal use of interrogatories for the purpose of clarifying and narrowing the issues made by the pleadings should be permitted and encouraged by the courts. Only in this manner can the proper interrelation between the pleading and the discovery rules be maintained."

The decision has been disregarded by subsequent decisions, see, e. g., Illinois-California Express Inc. v. Duffy (S.D. Iowa) 15 F.R.D. 41, l. c. 42; Cooper v. Globe Indemnity Co. (W.D.La.) 9 F.R.D. 430, l. c. 433; Pennsylvania R. Co. v. Lattavo Bros. (N.D.Ohio) 9 F.R.D. 205, l. c. 206; Shontz v. Torrey (W.D.Mo.) 8 F.R.D. 576.

■ Schmidt v. Going (W.D.Mo.) 25 F.Supp. 412, was an opinion of Judge Reeves prior to the 1946 amendment to Rule 12(e) which abolished the bill of particulars and eliminated the language "to prepare for trial." Compare Judge Reeves' opinion in Shontz v. Torrey (W. D.Mo.) 8 F.R.D. 576, decided after the 1946 amendment. Moreover, the Appendix of Forms appended to the New Rules of Civil Procedure, Title 28, U.S.C.A., illustrates what averments should be made in negligence cases. Form 9 of the Appendix contains this recital: "[D]efendant negligently drove a motor vehicle against plaintiff who was then crossing said highway. * * *" In Watson v. World of Mirth Shows (S.D. Ga.) 4 F.R.D. 31, l. c. 32, it was stated that according to Form 9 " * * * it is only necessary to allege that defendant acted negligently and as a result the plaintiff was injured."

It is therefore

Ordered that the defendant's motion for a more definite statement be, and it is hereby, overruled.