A status conference will be held in this action on March 18, 1977 at 9:15 a. m.

**W. J. USERY, Jr., Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**CITY OF OKMULGEE, Defendant.**

**No. 76–296–C.**

United States District Court, E. D. Oklahoma.

Jan. 25, 1977.

George K. Weber, U. S. Dept. of Labor, Dallas, Tex., for plaintiff.

Tom J. Laub, Okmulgee, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Plaintiff brings this action for alleged discriminatory employment practices under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634. Pursuant to Rule 12(b), Federal Rules of Civil Procedure, Defendant has filed a Motion to Dismiss, or in lieu thereof, to quash the return of service filed herein, and a Motion for More Definite Statement. Said Motions are supported by a Brief. Plaintiff has filed a Memorandum and a Supplemental Response in Opposition to Defendant's Motions.

Defendant's Motion to Dismiss is based on alleged insufficiency of service of process. Rule 12(b)(5), *supra.* Defendant contends the service of process herein was not made in compliance with the requirements of Rule 4(d)(6), *supra.* Defendant's Motion for More Definite Statement, Rule 12(e), *supra,* is based upon Defendant's contention that it cannot reasonably respond to the Complaint as it claims said pleading is vague and ambiguous.

For the following reasons, the Court finds and concludes that both Motions should be overruled:

## MOTION TO DISMISS

The Complaint in this action was filed on November 3, 1976. Service of process was made upon the city manager and city attorney of Defendant on November 9, 1976. On November 26, 1976, Defendant moved to dismiss the action on the grounds that neither the city manager nor the city attorney was the proper party to receive service upon a municipal corporation under the requirements of Rule 4(d)(6), *supra*. Service of process herein was then made upon the mayor of Defendant on December 20, 1976. By causing process to be served upon said parties, Plaintiff has complied with the Rule 4(d)(6), *supra*, requisites for personal service upon a municipal corporation.

■ Personal service upon a municipal corporation such as Defendant is to be made in conformance with the requirements of Rule 4(d)(6), *supra*. Said Rule provides that service upon a municipal corporation is to be made by delivering a copy of the summons and complaint to either the "chief executive officer" of the entity or in the manner prescribed by the laws of Oklahoma for the service of process upon such entity.[1] Depending upon the statutory form of city government it follows, a municipal corporation in Oklahoma may have as its chief executive officer either its mayor or city manager.[2] The record before the Court does not indicate which statutory form of government Defendant follows. But, as service herein has been made upon both the city manager and mayor of De-

fendant, there has been personal service of process upon the chief executive officer of Defendant so as to comply with Rule 4(d)(6), *supra*, under each alternative.

As the service of process herein has been in compliance with the requisites of Rule 4(d)(6), *supra*, Defendant's Motion to Dismiss for insufficiency of service of process should be overruled.

## MOTION FOR MORE DEFINITE STATEMENT

■ Rule 12(e), Federal Rules of Civil Procedure, requires that a Motion for More Definite Statement be made before the Movant has made his responsive pleading. *Weil Clothing Co. v. Glasser*, 213 F.2d 296 (Fifth Cir. 1954); *Powerlock Systems, Inc. v. Duo-Lok, Inc.*, 56 F.R.D. 50 (E.D.Wis. 1972); *Wycoff v. Nichols*, 32 F.R.D. 369 (W.D.Mo.1962). See also Wright & Miller, Federal Practice and Procedure: Civil § 1378. As Defendant herein has filed an Answer, its pending Motion for More Definite Statement is untimely and should be overruled.

It is so ordered this 25 day of January, 1977.

---

1. Apparently the text of Rule 4(d)(6), *supra*, with regards to service in the manner "prescribed by the law of that state" refers to the law of the state in which the governmental entity is located. *United States Steel Corporation v. Multistate Tax Commission*, 367 F.Supp. 107 (S.D.N.Y.1973); Wright & Miller, Federal Practice and Procedure: Civil § 1109.

2. Oklahoma law provides for two alternate statutory forms of city government. 11 Oklahoma Statutes 1971 §§ 961.1–961.35 provides for a council-manager form of city government with the city manager as the chief executive officer. 11 Oklahoma Statutes 1971 § 961.18. 11 Oklahoma Statutes 1971 §§ 962.1–962.38 provides for a statutory strong mayor-council form of city government with the mayor to be the chief executive officer. 11 Oklahoma Statutes 1971 § 962.19.