The HORTON COMPANY, a Pennsylvania Corporation, Plaintiff,

v.

INTERNATIONAL TELEPHONE & TELEGRAPH CORPORATION, Thermotech Division, a Delaware Corporation, Defendant.

Civ. A. No. 79–1652.

United States District Court,
W. D. Pennsylvania.

Feb. 20, 1980.

**17.** *See* note 5, *supra*.

Dan N. Altman, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for plaintiff.

W. Walter Braham, Jr., Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

COHILL, District Judge.

The defendant in this contract action moves to join an additional party on its counterclaim against the plaintiff. The two parties had a commercial contract whereby the defendant was to design and produce component parts for the plaintiff's use in manufacturing. After a dispute arose over whether some of the parts met the quality requirements of the contract, plaintiff stopped payment on a check, and defendant thereafter demanded a surety bond before it would resume production. Plaintiff furnished such a bond. The additional party sought to be joined is Fidelity and Deposit Company, the surety on the bond.

Defendant's original motion was filed pursuant to Rule 19(a) of the Federal Rules of Civil Procedure; however, at oral argument the defendant moved for joinder under Rule 20.

Rules 19 and 20 are popularly referred to as the rules for "compulsory" and "permissive" joinder, respectively. Rule 19(a) is mandatory in its language:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action *shall* be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. (Emphasis added.)

The anticipated party is subject to service, and its joinder would not affect jurisdiction. However, to require joinder the moving party must show *either* that effective relief cannot be granted without the presence of the additional party *or* that non-joinder will result in prejudice. Rule 19(a)(1), (2); Wright & Miller, Fed.Practice & Procedure § 1613 (1972). *See also Dudley v. Smith*, 504 F.2d 979 (5th Cir. 1974) (where boat purchaser sued seller after boat damaged by fire, the insurer of the boat held not a compulsory party under Rule 19(a)); *So. Ry. System v. Leyden Shipping Corp.*, 290 F.Supp. 742 (S.D.N.Y.1968) (joinder of consignor of freight not required in action by carrier against consignee for demurrage charges). It is clear here that the plaintiff is independently liable to the defendant on the contract and that no prejudice inheres in failure to join the surety. Therefore, the motion to join the surety under Rule 19(a) must be denied.

Rule 20 embodies broader standards than Rule 19. It provides in part that,

(a) Permissive Joinder . . . All persons *may* be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or

arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. (Emphasis added.)

 The purpose of the rule is to promote trial convenience and expedite the final resolution of disputes. Wright & Miller, Fed.Practice & Procedure § 1652 (1972). Joinder under Rule 20 is not required unless it would otherwise be required under Rule 19(a); rather, it is discretionary if, in the eyes of the Court, joinder would expedite justice. However, the Court's discretion is limited by the two prerequisites of the rule: first, a right to relief must be asserted which arose from the same transaction or occurrence and, second, a question of law or fact common to all the parties must arise in the action. Wright & Miller, Fed.Practice and Procedure § 1653. Arguably, the involvement of the surety in this case arose out of one of the occurrences giving rise to the defendant's cross claims. However, the questions to be determined in an action against the manufacturer are quite different from those in an action against the surety. In the case of the manufacturer, the fact-finder must determine whether the parts contract was substantially performed; in the case of the surety, all that must be determined is whether the plaintiff has defaulted in payment. See *Pennsylvania R. Co. v. Lavatto Bros.*, 9 F.R.D. 205 (S.D.N.Y. 1949). Moreover, under the terms of the bond, Fidelity is bound to satisfy any judgment entered against the plaintiff. Therefore, even if joinder were within the scope of Rule 20, it is unnecessary to achieve relief.

For all these reasons, joinder will be denied.

AND NOW, this 20th day of February, 1980, IT IS ORDERED, ADJUDGED, and DECREED that defendant's motion to join an additional party BE and the same hereby IS DENIED.