Melvin v. Brodeur, Comm'r          CV-97-192-SD  01/19/99

UNITED STATES DISTRICT COURT FOR THE

                     DISTRICT OF NEW HAMPSHIRE


David Melvin


        v.                              Civil No. 97-192-SD


Paul Brodeur, Commissioner,
 New Hampshire Department
 of Corrections;
Michael Cunningham, Warden,
 New Hampshire State Prison;
Michael Sokolow, Protective
 Custody Unit Manager,
 New Hampshire State Prison


                        O R D E R


        Pro se plaintiff David Melvin an inmate at the New Hampshire

State Prison (NHSP), brought this civil rights action pursuant to

42 U.S.C. § 1983 against defendants Paul Brodeur, Commissioner of

the New Hampshire Department of Corrections; Michael Cunningham,

Warden of NHSP; and Michael Sokolow, Protective Custody Unit

(PCU) Manager at NHSP, for depriving him of his constitutional

rights by transferring him within the PCU from E-Pod to F-Pod.

In addition to a state-law claim of negligence, plaintiff claimed

that defendants improperly classified him under the Quay System,

which resulted in a violation of the Laaman Consent Decree and

his Eighth Amendment rights.  On December 8, 1998, this court

granted defendants' motion for summary judgment as to all claims,

but granted plaintiff leave to amend his complaint to develop any Eighth Amendment claims regarding improper mental health care.

Plaintiff filed an amended complaint on December 28, 1998, which is presently before the court. Plaintiff now asserts Eighth Amendment claims against defendants Cunningham, Brodeur, and Sokolow for failing to provide him with adequate mental health care and also attempts to assert this claim against NHSP mental health counselor Roman Aquizap by adding him as a new defendant. For the reasons that follow, the court finds that plaintiff's amended complaint is insufficient to support Eighth Amendment claims for failing to provide proper mental health treatment against any of the defendants.

## Discussion

### 1. Standard of Review

Because it was unclear to the court whether plaintiff had asserted Eighth Amendment claims regarding his mental care at NHSP against the original defendants, the court, sua sponte, granted plaintiff leave to amend his complaint to develop any such claims against these defendants. See Melvin v. Commissioner of Corrections, Civ. No. 97-192-SD, Order of December 8, 1998. To determine whether these amendments should be permitted, the court will review plaintiff's amended pleadings as if plaintiff had filed a motion to amend.

2

A motion to amend may be granted "as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). The decision to grant or deny a motion to amend pleadings is "left to the broad discretion of the district court." Coyne v. Somerville, 972 F.2d 440, 446 (1st Cir. 1992). Amended pleadings are properly denied for the following reasons: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). Additionally, where an attempt is made to revise the pleadings late in the proceedings, as is the case here, the court will "examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations," Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989) (citations omitted), when determining whether the amended pleadings should be accepted by the court.

If an amendment is "futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990). A claim is futile when it cannot survive a

3

motion to dismiss.  See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).  In applying the standard for a motion to dismiss, the court will generously construe plaintiff's amended complaint and presume the truth of his factual allegations and all reasonable inferences drawn therefrom.  See Estelle v. Gamble, 429 U.S. 97, 106 (1972) (requiring pro se pleadings be generously interpreted); The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989) (setting forth the failure to state a claim standard of review).  Despite this deferential reading, the court is required to ensure that "each general allegation [is] supported by a specific factual basis." Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990). Further, the court is not required to credit a litigant's "unsubstantiated conclusions" or "subjective characterizations." Correa-Martinez, supra, 903 F.2d at 52-53 (citations omitted).

2. Amended Eighth Amendment Claims

    a. Plaintiff's Amended Claim Against a New Defendant

    Delay and unfair prejudice to the defendants are important factors for the court to consider where plaintiff is attempting, just two months before trial, to assert claims against a new defendant.  This action was filed nearly two years ago and is currently scheduled to begin trial in March of 1999.  Delay, standing alone, is usually an insufficient basis on which to deny

4

leave to amend. See Greenberg v. Mynczywor, 667 F. Supp. 901, 905 (D.N.H. 1987) (citing Carter v. Supermarkets Gen'l Corp., 684 F.2d 187, 192 (1st Cir. 1982)). However, "unseemly delay, in combination with other factors, may warrant denial of a suggested amendment." Quaker State, supra, 884 F.2d at 1517. Specifically, prejudice to the opposing party must be considered by the court whenever an amendment to the pleadings is proposed at a late stage in the proceedings. See Greenberg, supra, 667 F. Supp. at 905.

An amendment by a moving party is prejudicial to the nonmoving party if the amendment would significantly delay the resolution of the dispute or require the nonmoving party to expend significant additional resources to conduct discovery and prepare for trial. See Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993) (citations omitted). In addition "where, as here, a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some 'valid reason for his neglect and delay.'" Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979) (quoting Freeman v. Continental Gin Co., 381 F.2d 459, 469 (5th Cir. 1967) (citations omitted)). Thus, although amendments under Fed. R. Civ. P. 15(a) are liberally accepted by the courts, "implicit in this liberal policy is the requirement that litigants will not do

immeasurable harm to others . . . under all conditions even when they have been dilatory and substantial prejudice has resulted." Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1158 (2d Cir. 1968).

Because plaintiff is attempting to assert claims against a new defendant in his amended complaint, not only is Rule 15(a), Fed. R. Civ. P., relevant to the court's analysis, but so is Rule 20(a), Fed. R. Civ. P.[1] Under the latter rule, the court is afforded broad discretion in determining what parties are necessary for a fair adjudication of matters before the court. See Alkot Indus. v. Takara, 106 F.R.D. 373, 377 (N.D. Ill. 1985) ("Rule 20(a) gives wide leeway for district court discretion in the shaping of a lawsuit by the addition of new parties"). The purpose of Rule 20(a) is to promote trial convenience and the final resolution of disputes. See Horton Co. v. ITT, 85 F.R.D. 369, 371 (W.D. Penn. 1980). However, a request for joinder will

---

[1]In relevant part, Rule 20(a) states:

> All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

6

be denied if the addition of a party will cause prejudice and undue delay. See Gonzales v. Leonard, 497 F. Supp. 1058, 1076-77 (D. Conn. 1980).

Here, plaintiff has not justified his reasons for adding Aquizap as a defendant at such a late date in the proceedings. Furthermore, it appears from the record that plaintiff did not uncover any previously undisclosed facts during discovery that might implicate Aquizap as a possible defendant. Cf. Quaker State, supra, 884 F.2d at 1517-18 (denying addition of counterclaim when moving party was aware of facts since case began and only two months remained of an extended discovery period); Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, (1st Cir. 1983) (denying plaintiff's amended pleadings that added three additional claims where these new theories of liability were based on same facts as pled in original complaint). Undoubtedly, adding claims against a new defendant at this late date would require a continuance of the trial date. Such a continuance at this time would be unduly prejudicial to defendants Cunningham, Brodeur, and Sokolow. Thus, according to both Rule 15(a) and Rule 20(a), Fed. R. Civ. P., plaintiff's request to add Roman Aquizap as a new defendant should not be permitted at this time. Plaintiff's amendment adding Aquizap as a defendant is accordingly denied.

### b. Plaintiff's Amended Claims Against Prior Defendants

Although plaintiff's allegations in his amended complaint against Cunningham, Brodeur, and Sokolow are not prejudicial, they are futile. Plaintiff fails to allege claims against these original defendants with sufficient clarity and detail to state a cause of action over which the court has jurisdiction. Melvin must set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory'" against each defendant. See Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). In civil rights cases,

> there is the need to balance the liberal construction given the Federal Rules of Civil Procedure against the potential abuses and needless harassment of defendants. Thus, "the claim must at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why."

Guglielmo v. Cunningham, 811 F. Supp. 31, 35 (D.N.H. 1993) (quoting Dewey v. University of N.H., 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983)); accord Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995) ("[E]ven pro se litigants must do more than make mere conclusory statements regarding constitutional claims." (Citations omitted.)).

The Supreme Court has made clear that only if officials are deliberately indifferent to "serious" medical needs will the

8

Eighth Amendment be implicated.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citing Estelle, supra, 429 U.S. at 103-04); DesRosiers v. Moran, 949 F.2d 15, 18 (1st Cir. 1991) (inmate's medical care was not so grossly inadequate as to result in deliberate indifference even though inmate's surgical wounds became infected during incarceration).  Specifically, to state an Eighth Amendment claim under 42 U.S.C. § 1983 for inadequate medical care, a plaintiff must show two things: (1) the deprivation alleged must be sufficiently serious and (2) a prison official had a sufficiently culpable state of mind.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

To satisfy the culpable state of mind component of this test, "an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  On the other hand, mere negligence in failing to provide adequate medical treatment to prisoners is insufficient to support an Eighth Amendment claim.  See Page v. Sharpe, 487 F.2d 567, 569 (1st Cir. 1973).

Set forth in the introductory paragraph and paragraph 18 of the amended complaint are plaintiff's section 1983 claims against defendants Cunningham, Brodeur, and Sokolow.  As to defendant Sokolow, plaintiff alleges that "[d]efendant Sokolow violated

9

plaintiff's eight [sic] [A]mendment rights when he interfered with plaintiff's complaint to mental health counselor Roman Aquizap." Amended Complaint ¶ 18. The only specific fact that plaintiff provides in support of this allegation is that when Aquizap questioned Sokolow as to how plaintiff was doing, Sokolow informed Aquizap that plaintiff was doing well on F-pod. See id. ¶ 9. Plaintiff's allegation of wrongdoing by Cunningham and Brodeur is limited to the following: "the defendants prevented him from receiving the appropriate mental health treatment that he needed in violation of the eight [sic] Amendment for a period of ten months until defendants['] attorney was ordered by this court to insure that plaintiff received an evaluation by the mental health unit at the prison." Id. ¶ 1. Based on these allegations and his original complaint, plaintiff has not substantiated his amended claims with clear facts indicating that defendants had knowledge of a substantial risk of serious harm and failed to act accordingly in violation of the Eighth Amendment.

In addition, Cunningham, Brodeur, and Sokolow are not directly responsible for providing mental health care to NHSP inmates such as the plaintiff. The limits of supervisory liability under section 1983 are well defined in the First Circuit. First, liability under section 1983 "may not be predicated upon a theory of *respondeat superior*." Gutierrez-

Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989). See also Gaudreault v. Salem, 923 F.2d 203, 209 (1st Cir. 1990) ("It is by now axiomatic that the doctrine of *respondeat superior* does not apply to claims under section 1983."), cert. denied, 500 U.S. 956 (1991). Instead, supervisory personnel such as Cunningham and Brodeur "can be held liable for the constitutional misconduct of [their] employees only on the basis of an 'affirmative link' between their acts and those of the offending employee." Gaudreault, supra, 923 F.2d at 209 (quoting Voutour v. Vitale, 761 F.2d 812, 820 (1st Cir. 1985)). Further, to hold a supervisor liable for his own acts or omissions, "[i]t must be shown that the supervisor's conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of others." Gutierrez-Rodriguez, supra, 882 F.2d at 562; see also Gaudreault, supra, 923 F.2d at 209.

Although plaintiff does allege that counselor Aquizap failed to provide him with sufficient mental health care, plaintiff's pleadings do not contain a single factual allegation that shows or suggests an "affirmative link" between the acts or omissions of Cunningham, Brodeur, and Sokolow and those of the prison's mental health care staff.

To clarify, Melvin's complaint must include clear, particular statements containing facts which identify (1) the serious deprivation he suffered as a result of inadequate mental

11

health care, (2) defendants' acts or omissions that led to this deprivation, (3) the state of mind of defendants at the time they acted or failed to act,[2] and (4) the relief sought from each defendant for the harm or damage caused. Melvin must amend his complaint accordingly before the court will recognize any Eighth Amendment claims based on the denial of mental health care against the defendants.

## Conclusion

For the reasons set forth above, the court denies plaintiff's request to add Roman Aquizap as a defendant. Furthermore, because Melvin has not appropriately presented facts to the court in his amended complaint that would support viable claims against defendants Cunningham, Brodeur, and Sokolow, the court cannot recognize such claims at this time. In light of plaintiff's pro se status and the court's customary practice of providing notice to cure deficiencies in a complaint prior to dismissal, see Neitzke v. Williams, 490 U.S. 319, 329 (1989), the court will not dismiss this action at this time, but will grant plaintiff one more chance to amend his complaint. Such amendment

---

[2]Based on the standard of deliberate indifference as discussed in this order, plaintiff must allege facts that the defendants acted or failed to act with knowledge of a substantial risk of harm to plaintiff.

12

must be filed by February 10, 1999.  If an amended complaint has not been filed by that date, this case will be closed.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 19, 1999

cc:  David Melvin, pro se
     Daniel J. Mullen, Esq.